UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMIE CLEVENGER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:15-cv-01565-WTL-DML |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Jamie Clevenger for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Clevenger is a state prisoner who seeks a writ of habeas corpus. The case is before the court for preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief.").

Clevenger states that the error committed by the Indiana state courts occurred on October 24, 2005 when he was re-sentenced as the result of post-conviction relief having been granted. His conviction became final on November 24, 2005, the last day on which he could have filed a direct appeal from the re-sentencing.

His petition for post-conviction relief was filed in the state court on June 11, 2013. The trial court denied Clevenger post-conviction relief on July 30, 2014 and in doing so it rejected his argument that the Indiana Department of Correction had erred in its calculation of his sentence. No appeal was taken from that ruling. Clevenger sought to revive the claim on February 13, 2015 through the filing of a successive petition for post-conviction relief, but that request was denied by the Indiana Court of Appeals two weeks later in No. 35A02-1502-SP-91.

Clevenger's petition for writ of habeas corpus is signed, but not dated. The request to proceed *in forma pauperis* accompanying his habeas petition was signed on September 11, 2015. Applying the prison mailbox rule, the habeas petition can be considered to have been filed that same date.

Noting that the court is permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, the Entry of October 20, 2015 ordered Clevenger to show cause why his habeas petition should not be dismissed as untimely. Clevenger sought an extension of time in which to do so. His request was granted, but the revised deadline has passed and no response has been filed.

## II. Discussion

District courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005). In an attempt to "curb delays, to prevent 'retrials' on

federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)). The one-year period of limitations is the default provision by which the timeliness of a habeas petition is measured. *Johnson v. Robert,* 431 F.3d 992, 992 (7th Cir. 2005); *Johnson v. McBride,* 381 F.3d 587, 588–89 (7th Cir. 2004).

Clevenger's conviction became final for federal habeas corpus purposes on November 24, 2005, the last day on which he could have filed a direct appeal from his re-sentencing. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987)(a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

The one-year period of limitations prescribed by § 2244(d)(1)(A) governs in this case. There is no basis to conclude that any other triggering event applies here. *See Taliani v. Chrans*, 189 F. 3d 597 (7th Cir. 1999)(discussing 28 U.S.C. ▪ 2244(d)(1)(D)).

Clevenger thus had one year, through November 25, 2006, in which to file a federal habeas petition. He did not meet this deadline. His habeas petition is considered to have been filed on the day he signed the accompanying request to proceed *in forma pauperis*, September 11, 2015. This was nearly nine years after the statute of limitations expired. His post-conviction relief activity in the Indiana state courts did not toll the running of the statute of limitations because all such activity occurred long after the statute of limitations expired. *See Fernandez v. Sternes,* 227 F.3d 977, 978-

79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed); *Tinker v. Hanks*, 172 F.2d 990 (7th Cir. 1999) (efforts to file a successive action for post-conviction relief, if unsuccessful, do not toll the running of the statute of limitations).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Clevenger has encountered the hurdle produced by the 1-year statute of limitations. His petition for writ of habeas corpus was filed long after the statute of limitations had expired. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims. Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Clevenger has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 1/5/16

Distribution:

JAMIE LEE CLEVENGER
976900
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel